UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CRIMINAL ACTION NO. 09-128-KSF
(Civil Action No. 12-7195-KSF-JGW)

UNITED STATES OF AMERICA                                        PLAINTIFF

V.                                **OPINION & ORDER**

ALLAN WASONGA ONYANGO                                 DEFENDANT

\* \* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the Motion [DE #26] of Defendant, Allan Wasonga Onyango, *pro se*, filed pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence imposed in this action on January 8, 2010, and on the motion of the United States of America to dismiss said § 2255 motion [DE #28]. These motions were referred to the Magistrate Judge who, on April 27, 2012, issued his Report and Recommendation [DE #29], recommending that Defendant's petition be dismissed. Specifically, the Magistrate Judge determined that the Court lacks jurisdiction to consider Defendant's petition because the Defendant is not in custody. In addition, the Magistrate Judge found that, as Defendant was sentenced in January 2010, but did not file his §2255 petition until January 2012, the one-year time limitation for filing motions under §2255 had expired by the time Defendant filed his petition. Addressing Defendant's argument that his petition is timely because the United States Supreme Court's decision in *Padilla v. Kentucky*, 130 S.Ct. 1473 (2010) should be given retroactive effect, the Magistrate Judge points out that petitioner did not file his §2255 petition within one year after March 31, 2010 - the date *Padilla* was rendered. Thus, even if the Court applied *Padilla* retroactively, Defendant's petition would still be untimely.

No objections were filed to the Magistrate Judge's Report and Recommendation, and the time for filing same has passed. Although this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which objection is made, 28 U.S.C. § 636(b)(1)(c), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Moreover, a party who fails to file objections to a Magistrate Judge's Report and Recommendation waives the right to appeal. *See Wright v. Holbrook*, 794 F.2d 1152, 1154-55 (6th Cir. 1986). Nevertheless, having examined the record and having made a *de novo* determination, the Court is in agreement with the Magistrate Judge's Report and Recommendation.

A certificate of appealability should only be issued if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When denials of relief are based on procedural defaults, a district court still should issue a certificate of appealability if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). In the present case, the Court determines that Defendant has not presented a close call or one which is "debatable." Therefore, a certificate of appealability will not issue.

Accordingly, it is hereby **ORDERED** as follows:

1. The Magistrate Judge's Report and Recommendation [DE #29] is **ADOPTED** and **INCORPORATED** by reference as and for the Opinion of the Court;

2. The Defendant's Motion [DE #26] is **DENIED** and **DISMISSED** with prejudice;

3. The United States' Motion to Dismiss [DE #28] is **GRANTED**;

4. A Certificate of Appealability shall not issue because the Defendant has not made a substantial showing of the denial of any substantive constitutional right; and

5. Judgment will be entered contemporaneously with this Opinion and Order in favor of the United States.

This May 29, 2012.



Signed By:
*Karl S. Forester* KSF
**United States Senior Judge**